UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:13-CV-437-EBA

VALERIE ELAINE MAINS,                                                              PLAINTIFF,

V.                              **MEMORANDUM OPINION
                                AND ORDER**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,                      DEFENDANT.

## I. INTRODUCTION

Plaintiff, Valerie Elaine Mains, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying her application for Supplemental Security Income (SSI). [Record No. 13-1]. Upon consent of the parties, this matter has been referred to the undersigned to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. [Record No. 19]. Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment [Record No. 13] shall be denied, the Defendant's Motion for Summary Judgment [Record No. 20] shall be granted, and Judgment will be entered affirming the Commissioner's final decision.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On March 31, 2010, the Plaintiff filed an application for supplemental security income. [Tr. 132-135]. In this application, the Plaintiff alleged disability since March 29, 2010. Id. In her

1

Disability Report, Form SSA-3368, the Plaintiff claimed her work ability was limited due to rheumatoid arthritis, migraines and bursitis. [Tr. 161-167]. Her claim was denied initially [Tr. 83-86], and on reconsideration [Tr. 69]. After denial of her claim, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 91].

On July 17, 2012, a hearing was held before ALJ Greg Holsclaw. [Tr. 27-67]. The Plaintiff testified at the hearing, and was represented by Terry Minser. [Tr. 27-67]. The ALJ also heard testimony from vocational expert Dr. Jackie Rogers. [Tr. 27-67]. ALJ Holsclaw denied Plaintiff's claim for benefits in a written decision dated August 31, 2012. [Tr. 11-20]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process to determine that she was not disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application for benefits. [Tr. 13]. Next, the ALJ found that the Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; osteoarthritis; headaches; depression; and post-traumatic stress disorder (PTSD). [Tr. 13]. At step three, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 13-14].

Before proceeding to the fourth step, the ALJ found that Plaintiff's impairments left her with the residual functional capacity ("RFC") to perform sedentary work as defined by the Regulations. [Tr. 14-15]. Specifically, the ALJ described Plaintiff's exertional and non-exertional limitations:

> No lifting/carrying more than ten pounds occasionally; no standing/walking more than two hours out of an eight hour day and for no more than 45 minutes at one time; can perform unlimited pushing/pulling up to the exertional limitations; no more than frequent balancing; no more than occasional stooping, kneeling, crouching, crawling, or climbing ramps or stairs; no climbing of ladders, ropes, or scaffolds; no work around dangerous moving machinery or unprotected heights; no work around

2

concentrated exposure to vibration; no driving or operating heaving machinery; no more than simple routine work; no more than occasional, if any, work that requires independent decision making, use of judgment or work outside a set schedule; and no more than occasional, if any, changes in the workplace setting.

[Tr. 14-15].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional capacity would allow her to perform the requirements of her past relevant work. The ALJ determined that the Plaintiff was unable to perform any past relevant work, *See* 20 C.F.R. §§ 404.1565, 416.965. [Tr. 19]. At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity, the ALJ must determine whether the Plaintiff is capable of making a successful adjustment to work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.159(a); 416.969(a). Based on the testimony of the Vocational Expert, the ALJ held that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy . . . ." [Tr. 19]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act, *See* 20 C.F.R. §§ 404.1520(g) and 416.920(g). [Tr. 20].

Following the ALJ's adverse decision, the Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council. [Tr. 6-7]. On October 31, 2013, the Council denied Mains' request for review. [Tr. 1-5]. On December 19, 2013, Plaintiff initiated the present action by filing her Complaint in the United States District Court for the Eastern District of Kentucky. [Record No. 1]. In her Motion for Summary Judgment, the Plaintiff asserts two grounds for relief: (1) that the ALJ's step three finding that Mains' spinal impairments did not rise to the

3

level of a disability under the regulations was unsupported by substantial evidence; and (2) that the ALJ failed to properly apply the treating physician rule set forth in 20 C.F.R. § 404.1527 when he discounted the opinion of treating physician Dr. Arnold. [Record No. 13-1]. The Commissioner responds that the ALJ's decision should be affirmed, as he applied the proper standards and supported his decision with substantial evidence. [Record No. 20]. Following briefing, this matter was referred to the undersigned, upon consent of the parties for all proceedings. [Record No. 19].

### III . ANALYSIS

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

**A.  The ALJ's finding that Mains' spinal impairments did not meet or equal a listed impairment under Listing 1.04 was supported by substantial evidence.**

In her motion for summary judgment, the Plaintiff claims that the ALJ's finding in regard to her claims of spinal impairment was not supported by substantial evidence. [Record No. 13-1 at 9]. The Plaintiff claims that the ALJ failed to sufficiently articulate how he reached his conclusion that Mains' spinal impairment did not meet or equal a listed impairment under Listing 1.04. Id. at 11. This claim fails upon review of the record.

The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might

accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth, 402 F.3d at 595 (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir.1994) (citations omitted).

In this case, the ALJ properly supported his findings in the record with substantial evidence. Listing 1.04A requires, "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Part 404, Subpart P, App. 1. In this case, the ALJ found that the record was devoid of evidence showing nerve root compression as required under the listing. [Tr. 13]. In her response, the Commissioner correctly contends that the record does not reflect nerve root compression. [Record No. 20 at 5]. An August 2007 emergency room note shows that a CT of Mains' lumbar spine was, "negative for any disc problems or compression." [Tr. 301]. In addition, a February 2009 MRI revealed that Mains' nerve roots "appeared symmetrical." [Tr. 505].

5

In regard to the claimant's alleged spinal impairments, the ALJ also reviewed the record as a whole, including the testimony given at the hearing. The ALJ found that:

> Multiple radiographic studies including plain film, computed tomography (CT), and magnetic resonance imaging (MRI) confirm the presence of cervical and degenerative disk disease, partially corroborating the claimant's allegations (Exhibits 22F, 23F and 30F). However, the remaining findings are generally unremarkable and do not correspond to the level of severity presented by the claimant. Treatment records document a history of back problems and clinical findings show limited ranges of motion and paraspinal tenderness with a consistent diagnosis of multilevel degenerative changes with disk bulges, but there is no evidence of nerve root impingement. Office notes from Dr. Mitchell Simmons, Dr. John Gilbert, Dr. William Beers, Dr. John O'Connell, and Dr. Richard Arnold (Exhibits 6F-12F, 15F, 20F, 22F-24F, 29F, 32F and 33F) document conservative treatment for complaints of neck and back plain. Pain management records from Dr. Alan Rison also document routine conservative treatment (Exhibits 31F and 35F). However, despite all of this documentation, there is not a lot of diagnostic expertise being applied at these visits, nor is there any significant therapeutic decision-making at these evaluations. More or less, every visit looks the same, in terms of documentation and medical care, and no significant changes are introduced. Treatment records show the claimant has been tried on multiple medications including Lortab, Percocet, and more recently, Morphine, but the changes have occurred due to her chronic use of medications and the lessening effectiveness of the medications as a result, not due to an increase in symptoms.

[Tr. 15-16]

Further, the ALJ found that the claimant was not entirely credible in regard to the frequency and severity of her limitations and overall disability. [Tr. 16]. The ALJ noted that the objective findings documented on the record were insufficient to show that she was precluded from preforming a range of light work and that the description of the symptoms and limitations provided throughout the record were unpersuasive. Id. Moreover, the medical evidence of record did not support a finding of severe limitations on her physical abilities and the claimant's own testimony regarding her daily activities did not clearly support a level of limitation that would be wholly consistent with being disabled. Id. Specifically, the ALJ found that during the hearing, the claimant

6

did not answer questions in a forthright manner and instead would talk around questions. Id. The ALJ also noted that Mains was able to perform self-grooming and personal hygiene activities with some assistance, complete household chores, prepare meals, wash dishes and do laundry. [Tr. 17]. Though the ALJ states that Mains may not be "symptom free," a review of the medical evidence along with observations made and the testimony given at the hearing are "persuasive in regards that the complaints of pain are not fully credible." Id.

Therefore, the ALJ supported his findings with substantial evidence that Mains was not disabled, based on the symptoms she was experiencing from spinal impairments. In regard to this claim, the ALJ took into consideration Mains' testimony at the hearing, along with the reports, statements, and medical records of both examining and treating physicians before making his decision. [Tr. 11-20]. Upon this review, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible, to the extent they were inconsistent with her residual functional capacity assessment, and that the objective medical evidence did not support her claims. [Tr. 11-20]. In his written decision, the ALJ noted conflicting objective medical evidence, considered Mains' testimony at the hearing, and reviewed the record in a light most favorable to the Plaintiff. [Tr. 11-20]. The Plaintiff's claim that there is no evidence provided at this stage to the contrary are without merit.

**B.     The ALJ properly weighed the opinion of the treating physicians.**

In her Motion for Summary Judgment, Mains argues that the ALJ erred by discounting the medical opinion of her treating physician Dr. Arnold. [Record No. 13-1]. According to the Plaintiff, the ALJ fails to provide any "good reasons" for refusing to give treating physician Dr. Arnold's opinion controlling weight and that abject failure suggests that the authoring ALJ failed to properly

apply the treating physician rule set forth in 20 C.F.R. §404.1527. Id. at 15. In opposition, the Commissioner correctly maintains that the ALJ complied with the treating physician rule and that the decision to give less weight to Dr. Arnold's opinion was supported by substantial evidence. [Record No. 20].

Throughout the five-step disability evaluation process, the ALJ is charged with the duty to weigh evidence, resolve material conflicts in testimony, and determine the case accordingly. *See* Richardson v. Perales, 402 U.S. 389, 399 (1971). "The Commissioner has elected to impose certain standards on the treatment of medical source evidence." Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-381 (6th Cir. 2013)(quoting Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)). Set forth in administrative regulations, these standards describe "(1) the various types of evidence that the Commissioner will consider, 20 C.F.R. § 404.1512; (2) who can provide evidence to establish an impairment, 20 C.F.R. § 404.1513; and (3) how that evidence will be evaluated, 20 C.F.R. § 404.1520b." Gayheart, 710 F.3d at 375. Medical opinions are to be weighed by the process set forth in 20 C.F.R. § 404.1527(c).

Generally, under the treating physician rule, the ALJ "will" give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Even so, "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p, "Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions,"1996 WL 374188 at *2, 1996 SSR LEXIS 9 at *5 (SSR 1996).

8

The Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993).

Importantly, in cases where the ALJ declines to give a treating source's opinion controlling weight, however, he must balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) *citing* 20 C.F.R. § 404.1527(d). In addition, the ALJ has a duty to provide good reasons in the decision for the weight given to a treating source's opinion. 20 C.F.R. § 404.1527(d)(2). "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Cole, 661 F.3d at 938 *quoting* SSR 96-2p, 1996 SSR LEXIS 9 at *11-12, 1996 WL 374188 at *5.

In this case, the ALJ's decision regarding the weight given to the opinion of Dr. Arnold was supported by substantial evidence. Dr. Arnold opined that the Plaintiff could lift less than 10 pounds; could sit for fifteen minutes at a time and for less than two hours of an eight hour day; and could stand/walk for five minutes at a time and less than two hours of an eight hour day. [Tr. 738]. The ALJ, however, attributed less weight to these findings based on a review of various factors. The ALJ found that, "little weight [should be] accorded to the opinion of Dr. Richard Arnold at Exhibit 32F, that the claimant is essentially precluded from full time work activity as inconsistent with the

9

overall objective evidence of the record and the claimant's testimony regarding her activities." [Tr. 18]. The ALJ also noted, as cited above, that Dr. Arnold documented conservative treatment for complaints of neck and back pain, but despite all of this documentation, there was not "a lot of diagnostic expertise being applied at these visit, nor [was] there any significant therapeutic decision-making at these evaluations." [Tr. 16]. The ALJ found that, "every visit look[ed] the same, in terms of documentation and medical care, and no significant changes were introduced." Id.

Instead, the ALJ chose to accord greater weight to the State physical consultants' findings that the claimant was limited to a range of light work. [Tr. 18]. The ALJ found that these findings were, "generally supported by the narrative explanation and citation to the evidence of record." Id. The ALJ also noted that he granted some benefit of the doubt to the Plaintiff in regard to her subjective allegations, but overall found that the State agency consultants conducted "a thorough evaluation of the evidence and offered limitations consistent with the preponderance of the evidence." Id. Although these State agency consultants were not examining physicians, "their opinions [were] not entitled to controlling weight, but must be considered and weighed as those of highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Social Security Act (SSR 96-6p)." Id.

Thus, when viewing the entire record, this Court finds that substantial evidence supported the ALJ's decision to assign little weight to Dr. Arnold's findings. Substantial medical evidence exists indicating that Mains was not physically impaired as Dr. Arnold's determination indicated. The substantial evidence was provided for in the record and reflects that Mains has been able to handle her own hygiene and do light household work. The ALJ noted the claimant's unreliable testimony and the fact that other evaluating physicians did not share Dr. Arnold's conclusions before

making his final decision. Put simply, there was sufficient evidence upon which a reasonable person could accept as adequate the decision to discount the opinion of Dr. Arnold. As the Plaintiff has failed in her burden of presenting colorful claims of error, the undersigned finds that her motion for summary judgment be denied.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the Plaintiff's Motion for Summary Judgment [Record No. 13] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [Record No. 20] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed June 10, 2014.



Signed By:
Edward B. Atkins     EBA
United States Magistrate Judge